**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**KATRINA M. BLEVINS,**

     **Plaintiff,**

**vs.**                                  **CASE NO. 5:16cv310-WTH/CAS**

**NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,**

     **Defendant.**
                           **/**

## RECOMMENDED ORDER

As the prevailing party in this case, ECF Nos. 23-24, Plaintiff filed an unopposed petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]   ECF No. 25.   Plaintiff's attorney reports expending 22 hours for work performed on behalf of the Plaintiff in this Court and requests payment for 2.1 hours in 2016 in the amount of $192.68 per hour and 19.9 hours in 2017 in the amount of $195.95 or $4,304.04.   ECF Nos. 25 and 25-1.   Timesheets reflect the hours spent and the description of services.   ECF No. 25-1.   Plaintiff

---

[1]   In Shalala v. Schaefer, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney's fees and expenses under the EAJA.

reports the Commissioner does not object to the amount requested.   ECF

No. 25 at 3.   The Commissioner filed a response and has no objection.

ECF No. 26.

In this district, Social Security cases involving review of a

Commissioner's decision to deny benefits typically require 25 to 30 hours to

complete.   *See, e.g.,* Jackson v. Astrue, No. 3:09cv218/MCR/MD, 2010

U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010), *adopted*, 2010 U.S.

Dist. LEXIS 51612 (N.D. Fla. June 10, 2010);[2] *see also* Seamon v. Astrue,

No. 03:10-cv-06421-HU, 2012 U.S. Dist. LEXIS 148584, at *4 (D. Or. Sept.

18, 2012) (range of 20 to 40 hours).

The hourly rates are reasonable when adjusted for inflation.   The

total time for which compensation is sought is reasonable.

In accordance with Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010), the

EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney.

Since the fee was assigned to Plaintiff's attorney, payment of the fee to

Plaintiff's attorney is authorized so long as Plaintiff has no debt to the

United States, and any such debt will be offset before payment.

---

[2]   The Court in Jackson noted that some cases may exceed those parameters.
2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010).

Case No. 5:16cv310-WTH/CAS

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's petition for attorney's fees, ECF No. 25, be **GRANTED** and Plaintiff awarded attorney's fees in the amount of $4,304.04 as a reasonable EAJA attorney's fee.   The Commissioner should be afforded, however, the opportunity to offset from this amount any debt owed by the Plaintiff to the United States that may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with Astrue v. Ratliff.

**IN CHAMBERS** at Tallahassee, Florida, on February 12, 2018.

> **s/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.**